Church, Ch. J.
The plaintiff in error was convicted of receiving property, knowing it to have been stolen. He was a pawnbroker, and seems to have been a man of fair standing and reputation. We are restricted to a consideration of the legal questions presented.
*593 The alleged offence, for which the prisoner was indicted, was committed on the 30th June, 1871, and consisted of receiving two parcels of sewing silk, of about one pound each, of one Robinson, who had stolen the same from the store of Gardner & Co. Robinson was the principal witness for the people. He was, and had been for a considerable period, a clerk in the store of Gardner & Co., and testified that he stole the silk in question from his employers’ store and sold it to the prisoner for six dollars, its real value being $17.50. He also testified that he had, on ten or twelve previous occasions during the preceding year, stolen similar goods from his employers, and on the first two occasions pawned the goods, and afterward sold the pawn tickets to the prisoner, and on the other occasions sold the property in the first instance to him, and in all cases at about the same sum proportionate to the value of the property. The evidence as to prior transactions was given and received upon the question of guilty knowledge, and the exceptions relate to the ruling of the court, of what was said and done upon these occasions. It is a general rule, and one that should be strictly observed, that it is incompetent upon the trial for one offence to prove that the accused has committed another not connected with it. Hor can particular acts of criminality or immorality not connected with the facts constituting the-crime for which the accused is being tried be thrown into, the scale against him, to prejudice the jury or create a probability of guilt. An apparent exception to this rule exists in cases where knowledge of some particular fact is an ingredient of the crime, and must be affirmatively proved. It may be doubted whether such evidence should be called an exception, to the general rule. Although facts may be proved not connected with the transaction constituting the crime,, to establish guilty knowledge, yet they may be regarded as competent because they tend directly to prove an essential element of the crime, to wit, knowledge of a given fact. A familiar instance is the case of passing forged bills or notes. The passing a counterfeit bank, bill is not, per se, a crime, but *594 it is essential that the person should know that it is counterfeit, and hence it has been held competent to show that he had passed on other occasions, or had in his possession, similar bills, because such evidence bears directly upon his knowledge of the character of the bill passed, for which he is indicted; but the strength of such evidence depends upon the number of other bills, and all the circumstances connecting him with them. So it is not per se criminal to receive stolen property, but it is a crime to receive it knowing it to have been stolen. There may be circumstances attending the receipt of the property from which alone an inference of such knowledge might be properly made, and within certain restrictions it has been established, and, I think, properly, that the receiving of other similar property from the same person, with a guilty knowledge, may be given in evidence upon the question. I agree with the learned counsel for the prisoner, that guilty knowledge is a delicate question, and I concur fully with the position that courts should be cautious in receiving evidence of outside facts upon that question, and that all facts which do not directly bear upon the question should be excluded. In the Coleman case* recently decided by this court, it was intended to lay down a strict rule upon this subject, but the principle was recognized that such evidence may be admissible. In the Oddy’s case (2 Denison C. C., 272), cited by the counsel for the accused, the offer was to prove that the prisoner had other stolen property -in his possession. This was clearly incompetent, for the reason stated by Campbell, Ch. J., that “it would, not be direct evidence of the particular fact in issue, viz., that at the time of his receiving specific articles he knew them to be stolen.” If or would it legitimately tend to prove that the accused knew that an article received of one person to-day was stolen, by showing that on some other occasion he received another article from another person, not connected with the first, knowing it to have been stolen. Such evidence only tends to create vague and uncertain probabilities. But if a person *595 has frequently received articles of property of a particular kind from another, knowing that such other person stole them from a particular person or place, and he is offered on a subsequent occasion similar articles by the same person and under like circumstances, it does directly tend to establish that the articles thus offered were also known to be stolen. It is a natural and necessary inference, and one which every reasonable man would draw. It is an inference derived from the laws of human action. The rule adopted in Reg. v. Dunn (1 Moody C. C., 146) was approved in the Coleman case, and we see no reason to disturb it.
The conversation between Robinson and the accused, upon the previous occasions when property was received, was objected to, and its reception is claimed to be error. The conversation constituted a portion of the circumstances attending the receipt of the property upon the former occasions, and was competent upon the good faith of the accused. It is claimed that there was no evidence that the prior receipts were with a guilty knowledge, but the circumstances including the conversation were sufficient to go to the jury on that question. The fact that the property was salable merchandise, having a market value, and was offered for one-third that value, and that the‘offers to sell were repeated from time to time, were circumstances of an unusual character, calculated to excite the suspicion of an honest man, and the remarks of the accused on one or two occasions, as testified to by Robinson, tended, if true, to show that he believed that the property had been stolen, and from the same place. The evidence that the pawn tickets, given on the first two occasions, were sold to the accused by Robinson, was objected to, because such sale would establish a violation of the city-ordinance which prohibits licensed pawnbrokers from buying property, which, it is said, is a misdemeanor, and an independent offence. It was competent to prove a sale of the tickets and a sale of the property, on the question of guilty knowledge. A pawn of property at one-third its value would be no evidence that it was stolen, and the court so *596 charged; while a sale of property, especially of this character, at that price, might be most significant. The question whether a pawn or a sale was controverted on the trial, and was regarded as very material by the presiding judge, who charged the jury, in substance, that if they believed that the property had been only pawned to the accused, and not sold, he could not be convicted. This evidence of a sale was not rendered incompetent because it established that the accused was also guilty of violating another statute or ordinance. If that had been the only purpose for which it was offered it would have been incompetent, but it is sufficient if evidence is competent for one purpose, although not for another.
The evidence that the accused was a licensed pawnbroker, and that the city ordinance prohibited such brokers from buying property, was not competent, because the only effect of it was to show the prisoner guilty of an offence in no way connected with this; but that evidence was not objected to, nor is there any exception which covers it, and we cannot consider it, nor was it very material.
The case was fairly submitted to the jury, and they have decided upon conflicting evidence, against the accused, and, whether just or not, it is not our province to review their finding upon the facts; and as we cannot see that any error of law was committed, the judgment must be affirmed.
All concur.
Judgment affirmed.
*597 MEMORANDA OF CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS VOLUME AND NOT REPORTED IN FULL.

 55 N. Y., 81.