## SPAULDING MANUFACTURING COMPANY v. CHAUDOIN.

Opinion delivered October 5, 1908.

1.  BANK—OWNERSHIP OF DEPOSIT—PLEADING.—A complaint. which avers that defendant C was the agent of plaintiff and as such had in his

hands funds belonging to plaintiff which he deposited in defendant bank, falsely and fraudulently claiming to be the owner thereof, and that, without notice to plaintiff, C obtained judgment against the bank for the amount of such deposit, and that C is insolvent, and asks that the bank be restrained from paying the deposit to C, states a cause of action.  (Page 423.)

2.  JUDGMENT—CONCLUSIVENESS AS TO STRANGER.—Where C deposited money in a bank, and recovered a judgment against it for the amount of the deposit, the fact that testimony was introduced therein to show that the deposit belonged to a third person will not preclude the latter from litigating the ownership of the money in a suit in which C and the bank are made parties defendant.  (Page 423.)

Appeal from Faulkner Chancery Court; *Jeremiah G. Wallace,* Chancellor; reversed.

### STATEMENT BY THE COURT.

The complaint (omitting formal parts) sets up substantially that one Chaudoin was, during the year 1906, in the employ of appellant as its agent, and, as such, that he received money belonging to appellant which he falsely and fraudulently deposited in the Faulkner County Bank in his own name with the intent to defraud appellant; that afterwards the bank (for certain reasons set forth in the complaint) refused to pay over the money to Chaudoin, whereupon he began a suit at law and recovered a judgment against the bank for $40.70; that appellant was not a party to that suit and had no legal notice thereof; that Chaudoin falsely and fraudulently obtained the judgment by falsely and fraudulently representing himself to be the owner of the deposit, when in truth and in fact appellant was the owner; that Chaudoin is wholly insolvent, and that appellant has no adequate remedy at law, etc.  The prayer of the complaint was as follows:  "Wherefore the plaintiff prays that it be decreed to be the true and rightful owner of the said deposit of forty dollars and seventy cents ($40.70) and the plaintiff prays that the defendant Faulkner County Bank be forever restrained and enjoined from paying said forty dollars and seventy cents ($40.70) to said S. Chaudoin, his agents or attorneys, upon his check or otherwise, and that said judgment obtained against said Faulkner County Bank be declared to be null and void, and the defendant S. Chaudoin be forever restrained and enjoined from collecting

or enforcing said judgment by execution or otherwise against said Faulkner County Bank, and the plaintiff prays that it may have judgment for costs and for all other proper and equitable relief." The judgment was made an exhibit to the complaint. Chaudoin and the bank were made parties defendant.

To this complaint Chaudoin filed an answer and demurrer. The answer, after denying certain allegations of the complaint, alleged the truth to be as follows: "That about the 23d day of December, 1905, defendant S. Chaudoin, opened up an account with the defendant Faulkner County Bank, and deposited his money there from time to time, which money was accepted by the said bank and placed on their books to the credit of S. Chaudoin; that from time to time he drew his personal checks on said account, and that said checks were honored by the said bank and paid when presented; that about the 1st of March, 1907, there remained to his credit upon the books of Faulkner County Bank a balance of $40.70, which was money belonging to him that he had deposited with said defendant bank; that about this time the defendant S. Chaudoin presented his check for $40.70 to said Faulkner County Bank, and that said bank refused to pay same.

"He further says that on the 11th day of March, 1907, he instituted suit in justice of the peace court in Conway, Faulkner County, Arkansas, against the Faulkner County Bank for said sum of $40.70; that thirty days were given to the defendant that they might have time to take the depositions of each member of the firm of the Spaulding Manufacturing Company, and there was present at the trial of said cause, the depositions of two members of the firm of the Spaulding Manufacturing Company, the deposition of the bookkeeper and also the deposition of the general attorney for said company, taken to prove that the Spaulding Manufacturing Company was the owner of the said $40.70 involved in this suit; that in said depositions the members of the firm of the Spaulding Manufacturing Company testified that they were protecting the Faulkner County Bank from the loss of a dollar as costs or attorney fees or as a judgment in said suit; that defendant S. Chaudoin recovered judgment against the Faulkner County Bank in said justice of the

peace court, and that said case was appealed by the Faulkner County Bank to the Faulkner Circuit Court; that on a trial *de novo* of said cause in the Faulkner Circuit Court at the July term, 1907, the same testimony was introduced as above stated on the part of the Faulkner County Bank, and the same depositions were read in evidence; that, after the testimony was closed by both the plaintiff and defendant, J. C. Clark, attorney for the Faulkner County Bank, and representing said bank in the trial of said cause, and also attorney for the Spaulding Manufacturing Company, filed a motion asking leave for the Spaulding Manufacturing Company to be allowed to interplead and be made party to said suit, which motion was by the court overruled, and judgment was rendered in favor of the defendant, S. Chaudoin, for $40.70; that after said judgment was rendered a motion for a new trial was presented by said J. C. Clark and was by the court overruled; defendant Faulkner County Bank prayed an appeal to the Supreme Court, which was granted and sixty days given by the court for the Faulkner County Bank to file its bill of exceptions. That at the time of the filing of this bill in the Faulkner Circuit Court the sixty days for filing the bill of exceptions in the Faulkner Circuit Court had not expired. A certified copy of all said record entries are hereto attached, marked "Exhibit A" and made a part hereof.

The appellee Chaudoin prayed that the answer be considered as a demurrer, and further demurred to the complaint for the following reasons: (1) That plaintiff's complaint does not state facts sufficient to constitute an equitable cause of action. (2) That this court has no jurisdiction of the subject-matter of his action. (3) That at the time of the filing of this suit there was another cause pending in the Faulkner Circuit Court involving the same subject-matter. (4) That the subject-matter of this suit has already been adjudicated by a court of competent jurisdiction."

The decree of the court recites that "this cause is submitted for the court's consideration and judgment upon the complaint of the plaintiff and answer and demurrer of the defendant, S. Chaudoin, heretofore filed. And the court, being well and sufficiently advised as to the issues of the law arising upon said com-

plaint and answer and demurrer, doth order, adjudge and decree that said demurrer be, and the same is hereby, sustained. Thereupon the plaintiff, refusing to amend the complaint or to plead further, doth elect to stand upon its complaint. and the action is submitted for its final decree, and, the court being well and sufficiently advised in the premises, it is ordered, adjudged and decreed that the plaintiff take nothing by its complaint, and that its action thereon be, and the same is, hereby dismissed, by want of equity. It is further ordered that the injunction and restraining order heretofore made in this cause be, and the same is hereby, dissolved. That the plaintiff, the Spaulding Manufacturing Company, pay all cost of this action, for which execution may issue as upon a judgment at law."

*A. C. Lyon* and *J. C. Clark,* for appellant.

The complaint states facts sufficient to constitute an equitable cause of action. 46 Ark. 537; 1 Walk. 318. See also 57 Pa. St. 202; 52 N. Y. 1; 70 Ky. 428. This was an unsuccessful attempt to plead *res judicata* by way of demurrer, whereas that issue should have been raised by answer to be heard on evidence. A demurrer goes only to the face of the complaint, and cannot be aided or strengthened by reference to the answer or exhibits thereto. The relation between banker and depositor is that of debtor and creditor. 5 Ark. 296; 111 U. S. 125. And in the suit between Chaudoin and the bank the only issue that could have been litigated was the correctness of the account and the amount due him.

*Appellee pro se.*

The demurrer was properly sustained. When this suit was filed, another action was pending between the same parties for the same cause. Kirby's Dig. § 6093. Appellant had a complete remedy at law. 27 Ark. 157. And "equity will not interpose to relieve against a judgment of a court of law upon a ground purely legal and exclusively cognizable in a court of law, unless he was prevented from making defense by surprise, accident or mistake, or fraud of the other party, unmixed with negligence on his part, or unless he was ignorant of important facts material to his defense which he could not by due and proper diligence have dis-

covered and availed himself of in the action." 35 Ark. 108; 1 Ark. 186; 5 Ark. 9; *id.* 501; 6 Ark. 317; 13 Ark. 600; 14 Ark. 460. Appellant sets up no defense in this action that it could not have set up at law. 26 Ark. 64. Appellant had ample notice of the suit between Chaudoin and the Bank, and opportunity to interplead therein, which it should have done.

,WOOD, J. (after stating the facts). The complaint avers that Chaudoin was the agent of appellant, and as such had in his hands funds belonging to appellant which he deposited with the Faulkner County Bank, falsely and fraudulently claiming to be the owner thereof, that judgment was afterwards without notice to appellant falsely and fraudulently obtained by Chaudoin against the bank for the amount of the funds so deposited, that the bank would pay the judgment to Chaudoin, and that Chaudoin was insolvent. These allegations were sufficient to give appellant a remedy in equity to restrain Chaudoin from collecting and the bank from paying the amount of the judgment. The complaint must be tested on demurrer by its own allegations, and these stated a cause of action. See *Himstedt* v. *German Bank,* 46 Ark. 537. There are no allegations in the complaint showing that appellant was a party to the suit between Chaudoin and the Bank, and no allegations showing that the matters set forth in the complaint were or that they might have been adjudicated in that suit; so the complaint was good on demurrer.

But, even if the answer should be treated as a plea of *res judicata,* it is not sufficient. Its allegations do not show that the matters set forth in the complaint were, or should have been, raised in the suit before the justice and circuit court. Although appellant asked to be made a party to that suit and to be allowed to interplead, its request was not granted, and the matters in controversy here were not adjudicated. This was not a suit by Chaudoin to recover specific funds from the bank, but simply to recover judgment for the funds he had deposited. As between him and the bank, the relation of creditor and debtor existed. *Himstedt* v. *German Bank, supra.* Even though appellant might have been a proper party to that suit, it was certainly not a necessary party. Therefore the failure of appellant to appeal from the ruling of the court refusing to allow it to be made a party to that suit does not preclude appellant from proceeding in equity

to enjoin the enforcement by Chaudoin of the judgment which he then obtained against the bank.

The court erred in sustaining the demurrer and in dismissing appellant's complaint. Reversed and remanded for further proceedings not inconsistent with the opinion.