## VAUGHT *v*. PADDOCK.

### Opinion delivered February 20, 1911.

1.  FRAUDS, STATUTE OF—AUTHORITY TO SELL LANDS.—A contract for the employment of an agent to find a purchaser of lands is not within the statute of frauds. (Page 13.)

2.  AGENCY—EVIDENCE.—Where it was a question whether defendant's agent had authority to make a certain sale of land, it was competent to show that such agent had made similar sales for defendant to other parties, as such evidence tended to show either that the agent had such authority or that defendant had ratified his acts. (Page 13.)

3.  REFORMATION OF INSTRUMENTS—WHEN DECREED.—When, through mistake or fraud, a conveyance fails to express the actual agreement of the parties, it will be reformed in equity. (Page 14.)

Appeal from Montgomery Chancery Court; *Alphonso Curl,* Chancellor; affirmed.

*Gibson Witt,* for appellant.

1.  The demurrer to the complaint should have been sustained because there was no sufficient allegation of fraud.

2.  Plaintiff has failed to establish, by any proper evidence, any agency in Jones further than that of solicitor to procure purchasers for the lots. In the absence of proof that the written instruments had been lost, destroyed or could not be procured, oral testimony was inadmissible to prove the various transfers and the property conveyed. 77 Ark. 177; *Id.* 244. Written instruments cannot be proved, nor the terms thereof altered or varied, by parol evidence. 52 Ark. 389; *Id.* 60.

3.  Appellant not only denies that he had knowledge that an amended plat was prepared and avers that he never authorized such a plat, but the proof fails to bring home to him such knowledge or authorization.

4.  A mere preponderance of evidence is not sufficient to justify a decree of reformation. The evidence must be clear, unequivocal and decisive. 75 Ark. 72; 71 Ark. 614; 84 Ark. 352; 81 Ark. 420. There was no ratification of Jones's acts by appellant. Ratification of an agent's acts involves knowledge by the principal of those acts. 76 Ark. 567; *Id.* 212.

*A. Curl,* for appellee.

1.  The whole record, complaint, demurrer, answer and evi-

dence, was before the court for consideration at the same time. If the record in the whole case authorized the decree rendered, objection to the ruling on the demurrer came too late.

2. We concur in appellant's statement of law that, in order to justify the reformation of a written instrument, the evidence must be clear and decisive, but the evidence in this case fully met that requirement.

3. Jones's agency is clearly shown by the testimony, and when appellee spoke to appellant about buying lots, and was by the latter referred to Jones, that authorized appellee to rely on any statements or representations made by Jones with reference to the lots, and appellant is bound by them.

4. Not all the evidence introduced before, and considered by, the chancellor has been brought into the transcript. His decree, which is right on the facts, should stand for that reason also. 58 Ark. 134; 54 Ark. 159.

FRAUENTHAL, J. This suit was brought by Porter Paddock, the plaintiff below, to secure the specific performance of a contract for the conveyance of land and the reformation of a deed in which, it was alleged, a portion of the land had been omitted from the description thereof. The defendant filed a demurrer to the complaint; but, without seeking a ruling of the court thereon, he filed an answer, in which he joined issue on every allegation of the complaint and set forth every defense that he had looking to a full development of the merits of the case. Testimony was thereupon taken which fully developed the merits of the case upon both sides. The cause was then submitted to the court for its final determination upon the pleadings and the testimony that was taken, both sides having announced that they were ready for trial. The court, after thus hearing the entire case, rendered its decree, in which it overruled the demurrer to the complaint and granted to the plaintiff the relief that was prayed for. Under these circumstances we must consider the complaint as amended to conform to the proof; and if that was sufficient to entitle the plaintiff to the relief which the court granted him, then the decree should not be reversed because the court overruled the demurrer to the complaint, even if it was defective. It is only necessary, therefore, to determine whether or not under the evidence

the plaintiff was entitled to the relief which he obtained, and whether or not the finding of the chancellor is clearly sustained by the evidence that was adduced upon the trial of the case. From the testimony it appears that the defendant was the owner of certain rural lands in Montgomery County upon which was established the town of Caddo Gap. He laid out and divided his lands into lots and blocks, and made a plat thereof, which was in 1906 duly recorded in the proper office of said county. Upon this original plat, block number 17 was laid out and divided into lots which contained a frontage of 25 feet and a depth of 125 feet each. In 1907 the defendant employed one W. D. Jones to make sale of his said lots, and on June 10, 1907, said agent sold to the plaintiff lots numbers 1, 2, 3 and 4 in said block number 17 according to said original plat. The land he thus sold him contained a frontage of 100 feet with a depth of 125 feet. At the time that the sale was made the testimony shows that the parties actually measured the frontage of the land bought by the plaintiff and located it on the ground as containing 100 feet frontage. Just before the purchase defendant's agent had made an amended plat of the block, in which each lot had a frontage of 50 feet, and on this amended plat lots 1, 2, 3 and 4 of the original plat of said block were indicated as lots 1 and 2, and these two lots in the amended plat embraced the same land as the lots 1, 2, 3 and 4 of the original plat. At the time of the purchase defendant's agent stated to plaintiff that the amended or new plat would be duly adopted and recorded as the controlling plat. The plaintiff thereupon made full payment for the lots, and in the deed executed by defendant to him the lots were described as lots numbers 1 and 2, but the court found (and we think that his finding is fully sustained by the evidence) that this description was according to the amended or new plat, and that plaintiff actually bought and the deed was intended to describe and convey the land indicated on the original plats as lots 1, 2, 3 and 4 of said block 17 with a frontage of 100 feet. The plaintiff went into possession of the land and built permanent improvements on all four of said lots according to said original plat. Subsequently the defendant abandoned his intention to record or adopt said amended or new plat. The plaintiff testified that at the time he made the purchase of the lots and measured same the defendant was present and

understood that the lots which he purchased contained 100 feet frontage, and that defendant also told him that the new or amended plat upon which the lots were indicated as lots 1 and 2 and containing 50 feet each would be recorded and adopted as the actual plat of the lots. While the defendant denied this, yet from the circumstances adduced in evidence we think that the finding of the chancellor that the testimony of the plaintiff was sustained is clearly correct. These circumstances were that the plaintiff made permanent improvements on all the four lots as they are indicated on the original plat with no objection from defendant; and defendant executed to other persons deeds for lots in this block which described them according to the amended or new plat, and these descriptions he afterwards corrected by describing the lots according to the original plat. These sales to the other persons were made by the agent Jones during the same year that plaintiff purchased the lots involved in this suit.

The chancellor made findings of fact in accordance with the above, and entered a decree reforming said deed so that the description of the land therein should embrace lots 1, 2, 3 and 4 of said block 17 according to said original plat, which was recorded in 1906, and invested plaintiff with title thereto.

It is urged by the defendant that he did not know that his agent Jones had made a new or amended plat of said block, and that his agency to do this was not sufficiently established. But it is conceded that Jones was the agent of defendant with full authority to seek purchasers for the lots and to make sales thereof. The contract employing Jones to find purchasers of his lots and the authority given to him by defendant to sell the lots could be made by parol, and did not fall within the statute of frauds. *Daniels* v. *Garner,* 71 Ark. 484; *McCurry* v. *Hawkins,* 83 Ark. 202; *Kempner* v. *Gans,* 87 Ark. 221; *Forrester-Duncan Land Co.* v. *Evatt,* 90 Ark. 301.

The agent Jones had then authority by implication to do all acts necessary to effect sales of the lots. It is conceded that he had authority to sell the lots involved in this case, and his acts in making the sale would be binding on the defendant, whether they were described according to the original plat or the amended plat. 31 Cyc. 1364. But the testimony of the plaintiff and of the agent shows that the defendant did have knowledge of this new

or amended plat, and that lots 1 and 2 of block 17 as indicated thereon contained a frontage of 100 feet, and embraced the same land as lots 1, 2, 3 and 4 of block 17 in the original plat. Against this testimony is only the statement of the defendant. But the circumstances also are contrary to his contention. Immediately upon making the purchase the plaintiff began the erection of houses and other improvements upon the entire 100 feet of frontage of the lots and without objection from defendant. It appears also that defendant had executed deeds to other persons for lots in this block. These parties testified that they had made purchases through Jones of two lots in said block, and that deeds had been executed to them describing the lots in accordance with the amended or new plat, and that subsequently defendant had executed new deeds so as to correct the descriptions, and described the lots in the new deeds as they were indicated on the original plat. We think that this testimony was perfectly competent because it tended to show that either Jones, the agent, had authority to sell according to the descriptions as contained in the amended or new plat, and that defendant knew of the sales that he was making according to that plat, or that he ratified sales thus made by Jones. This testimony tended further to sustain the contention made by plaintiff that the lots as described in the deeds which these parties first obtained contained a frontage of 50 feet each and were described according to the amended or new plat, and that each lot so described embraced the same land as two lots described according to the original plat.

Upon an examination of all the testimony adduced upon the trial we think the chancellor is sustained by the evidence in his findings that the plaintiff purchased and defendant sold to him lots in block 17 containing a frontage of 100 feet and a depth of 125 feet, and that these lots embraced lots 1, 2, 3 and 4 in block 17 according to said original plat recorded in 1906, that through mistake or a fraudulent representation that an amended plat would be recorded these lots were described in the deed as lots 1 and 2 in block 17, and that this latter description is erroneous and the former description is the correct one, and we think that the evidence is clear and decisive to this effect. We are also of the opinion that the decree which the chancellor entered was right.

Courts of equity will rectify an instrument so as to make it

convey property or enforce rights which have been omitted from the instrument itself through mistake or fraud. The previous oral agreement subsists as a binding contract, and upon clear proof of its terms the court will compel the incorporation of that which has been omitted or the modification of that which is inserted in the writing so that the agreement as actually made shall be truly expressed and executed. As is said by Denio, C. J., in *DePeyster* v. *Hasbrouck,* 11 N. Y. 591: "It is unnecessary to refers to cases to establish the familiar doctrine that when through mistake or fraud a contract or conveyance fails to express the actual agreement of the parties it will be reformed by a court of equity so as to correspond with the actual agreement." *Stinson* v. *Ray,* 79 Ark. 592; *Stephenson* v. *Garner,* 105 S. W. 572; *Hunt* v. *Rousmaniere,* 1 Pet. 1; 1 Story, Eq. § 161; *Gillespie* v. *Moon,* 2 Johns. Ch. 585.

The decree is affirmed.