RAY *v.* ROBBEN.

5-818                                               285 S. W. 2d 907

Opinion delivered January 16, 1956.

*Lem C. Bryan; Hill, Fitzhugh & Brizzolara,* for appellant.

*Hardin, Barton, Hardin & Garner,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant for specific performance of a contract by which she was to sell a tourist court to the appellee for $17,500. At the close of the plaintiff's proof the chancellor announced upon his own initiative that the complaint would be dismissed without the necessity of hearing the defendant's testimony. In a memorandum opinion the chancellor gave several reasons, some of which are relied upon by the appellee, for holding that the plaintiff had failed to establish a prima facie case for relief.

The tourist court is situated on Lot 26 and an L-shaped portion of the adjoining Lot 25, in a designated block in Fort Smith. When the contract of sale was executed Lot 26 was owned by the appellant, Pearl Ray, and the portion of Lot 25, which had belonged to Mrs. Ray's husband at the time of his death, was owned by the Rays' three children with Mrs. Ray having a dower interest. There had been no administration upon Mr. Ray's estate.

On March 1, 1955, the contract was signed by the appellee and was signed for the appellant by her son Fred. Abstracts of title were delivered to the purchaser's attorneys, who prepared opinions listing a number of defects and suggesting the desired curative steps, chief of which were the appointment of an administrator for Ray's estate and the sale of the fractional lot by the administrator so that title might be vested in Mrs. Ray. These opinions were submitted to the seller's attorney, who began the required curative work. While this work was in progress the appellee gave notice that he was withdrawing from the agreement. The appellant nevertheless had the curative work carried to completion, offered to perform the contract, and brought this suit when the appellee refused to carry out the agreement.

The appellee first contends that this description in the contract is too indefinite to support a decree for specific performance: "A tourist court consisting of ten cabins, furnished, including all extra bedding, located on one full lot and a fractional part of adjoining lot. Said location being 3408 Midland Blvd., Fort Smith, Ark."

While the question is not free from difficulty, we think the description legally sufficient. It is settled that a valid description of land must furnish a key by which the property can be located. *Routen* v. *Walthour-Flake Co., Inc.*, 221 Ark. 354, 253 S. W. 2d 208. But the description is not objectionable merely because parol evidence must be resorted to in following the guide furnished by the instrument. Thus "15 acres known as the Mart Emmons place" is a good description, though obviously oral proof is needed to identify the land. *Davis* v. *Davis,* 171 Ark. 168, 283 S. W. 360; case note, 3 Ark. L. Rev. 219.

Here the proof shows that 3408 Midland Boulevard is the correct address for the ten cabins comprising the tourist court. With the exception of the Supreme Court of Washington, *Martin* v. *Seigel,* 35 Wash. 2d 223, 212 P. 2d 107, 23 A. L. R. 2d 1, the American courts uniformly uphold a description by street number. We sustained such a description in *Kempner* v. *Gans,* 87 Ark. 221, 111 S. W. 1123, 112 S. W. 1087. In a case much like this one, *Pence* v. *Archer,* 191 Tenn. 385, 234 S. W. 2d 820, the property was described as "a house and lot at 403 West Walnut Street." The tract actually consisted of four lots and a fraction of a fifth lot. Upon proof that the residence and surrounding yard had been used and considered as one lot the court upheld the description. In like manner the identity of a tourist court, containing ten cabins, located at 3408 Midland Boulevard, can be readily ascertained.

The chancellor stressed the fact that Fred Ray was without written authority to execute the agreement for his mother and the fact that Ray's authority as an agent was proved only by his own testimony, which the court considered incompetent. Neither point is well taken. Although a contract for the sale of land must be in writing,

an agent's authority to execute the contract for his principal may be conferred orally. *Vaught* v. *Paddock,* 98 Ark. 10, 135 S. W. 331. And the agent's testimony, as distinguished from his out-of-court declarations, is admissible to establish the agency. *Thompson* v. *Hollis & Co.,* 194 Ark. 1, 104 S. W. 2d 1065.

It is insisted that the contract lacks mutuality of obligation for the reason that Mrs. Ray did not have title to the fractional part of Lot 25 when the agreement was signed. This argument was rejected in *Elliott* v. *Hogue,* 113 Ark. 599 (mem.), 168 S. W. 1097. Inasmuch as there are often defects in a vendor's title it is a familiar rule that he is entitled to a reasonable time in which to perfect his title. *Sturgis* v. *Meadors,* 223 Ark. 359, 266 S. W. 2d 81. In the case at bar there is nothing to indicate that time was of the essence of the agreement or that the seller delayed unreasonably in meeting the title requirements imposed by the purchaser's attorneys.

The appellee contends that the appellant's present title is not merchantable and enumerates a variety of flaws that are said to exist. In considering this contention it must be remembered at the outset that a vendee who resists a suit for specific performance has the burden of pleading and proving the specific defects upon which he relies; the plaintiff cannot be expected to prove the negative. *Lone Rock Bank* v. *Pipkin,* 169 Ark. 491, 276 S. W. 588. Here the appellee's answer does not describe any given defect in the plaintiff's title. The appellee's present argument can be sustained only if the plaintiff's own proof establishes with a fair degree of certainty a fatal defect in her title.

The principal defect now asserted by the appellee is the supposed existence of a five-foot easement across the L-shaped tract that lies at the rear of Lot 25. Fred Ray testified that he understood that his father had given such an easement to the owner of the front portion of the lot, as a means of access to the alley. The agreement, if made, was apparently oral. Ray says that he explained the matter fully to the appellee, who made no objection. Whether there is really a valid easement, and,

if so, whether the appellee has waived his right to object, are questions that cannot be decided with certainty upon the plaintiff's proof alone. It is clear that this issue has not been fully developed, and since the appellee has the burden of proof the duty of producing additional evidence rests upon him.

These same considerations apply to nearly all the other attacks made by the appellee upon the appellant's title. Only one — an asserted irregularity in the devolution of an interest formerly owned by a bridge improvement district — finds much affirmative support in the proof, which includes the abstracts of title. This matter, however, was mentioned without objection in the purchaser's title opinion and was not put in issue by the answer. There was no reason for the plaintiff to anticipate an objection that the purchaser had twice failed to raise. It would plainly be unfair to allow this rather weak battery to be unmasked on appeal.

Reversed and remanded for further proceedings.

McFADDIN and WARD, JJ., dissent.