BRYAN *v.* BISHOP.

5-1292                                    302 S. W. 2d 524

Opinion delivered June 3, 1957.

*J. B. Milham,* for appellant.

*David J. Burleson,* for appellee.

PAUL WARD, Associate Justice. This is a suit brought by the vendor of a parcel of land against the vendee for a breach of the sales contract by the latter, asking for judgment for the balance of the purchase price, and that the land be sold if the judgment is not paid. From a decree in favor of the seller, comes this appeal. The principal question relates to the description of the said parcel of land.

On October 13, 1954 Helen M. Bishop (appellee) entered into a written contract to sell Edna W. Bryan (appellant) a parcel of land described as follows:

"A part of the NE ¼ of NE ¼, 16-20-26, described as follows, to-wit: Commence at the SE corner of said

forty; thence North 107 feet for a place of beginning; thence West 154 feet; thence North 189 feet; thence East to the West line of Spangler tract; thence South to the point of beginning. . . ."

The total purchase was $4,500, of which $500 was paid as earnest money, $1,250 was to be paid on or before November 1, 1954 "and upon approval of title by buyer", and the balance at the rate of $50 per month including interest at 6 per cent. The contract further provided: "Upon payment of the $1,250, as aforesaid, seller will have abstract of title brought to date, showing good, merchantable title"; A deed, the contract, and the abstract were to be placed in escrow; It was provided that "When the entire balance *is* due is paid then the deed, abstract and other papers are to be turned to buyer"; (We consider the word *is*, above, as surplusage and meaningless); Failure of the buyer to meet any installment when due entitled the seller to declare the entire balance due, and to bring suit on 10 days notice, and; The buyer was to pay the taxes and keep the property insured, there being a house on the parcel of land.

Sometime before November 1, 1954 appellant made the $1,250 payment and took possession without making any objection to the title or the description. She made a $50 payment on December 1, 1954, and January 1, 1955, moved out of the property, secured a renter, and collected the rents.

When no further monthly payments were made by appellant the parties, on June 10, 1955, executed an extension agreement whereby appellant was to make certain small payments on furniture and interest, and payment on the principal balance of the purchase price was extended for a period of 6 months.

Although appellant was either occupying the property or was collecting the rents thereon, no further payments were made on the purchase price, and on December 12, 1955 appellee filed suit against appellant asking for judgment of the balance of the purchase price, that said judgment be declared a lien on the land, and if

not paid that the property be sold by a special commissioner. Service on appellant was by publication. She did not appear in the trial court but later filed an answer and an appeal to the Supreme Court. In the meantime the trial judge set the decree aside, and this court sanctioned a new trial on the merits in a *per curiam* order dated May 7, 1956.

In her answer appellant admits the execution of the contract and agrees that she made only the payments heretofore set out, amounting in all to $1,850. In her cross complaint and in her amended cross complaint she makes, in substance, the following allegations: Appellee breached the sales contract on November 1, 1954 and continues said breach to this date; Appellee failed to make the warranty deed and furnish an abstract of title showing a good and merchantable title as provided in the contract; Appellee does not have good title to the property in question, and; The description to appellee's property is defective. Her prayer was that she be allowed to recover the money she had paid to appellee together with a reasonable attorney fee. In the alternative appellant asked that she be allowed a reasonable time to pay the balance due appellee and that appellee be required to furnish her a good and merchantable title.

After the introduction of testimony by both sides the trial court, on September 24, 1956 found the issues in favor of appellee and rendered judgment against appellant for the balance of the purchase price together with interest, all in the amount of $2,997.32. It is further ordered that said judgment should be a lien on the lands in question which should be sold by a special commissioner if the judgment was not paid within 30 days.

For a reversal appellant relies on three separate grounds, to-wit: 1. Appellee did not furnish an abstract showing good and merchantable title as agreed to in the contract of sale; 2. The court erred in failing to require appellee to execute and tender a warranty deed conveying the lands in question to appellant, and;

3. The judgment is excessive. We shall discuss the above questions in the order mentioned.

1. We cannot agree with appellant on the first assignment for the reasons hereinafter mentioned. In the first place, we are unable to tell from the testimony at what time appellee delivered the abstract to appellant, if in fact it was ever delivered. We do gather from the record however that the abstract was in the hands of the escrow agent and could have been obtained by appellant by asking for the same. In the second place, we have concluded that appellant has waived many rights that she had under the terms of the written contract. Although the terms of the contract are somewhat vague there is no doubt but that appellant could have had the abstract carefully examined before she made the $1,250 payment which was apparently due on or before November 1, 1956. Instead of doing this however appellant went into possession of the property for a few months and when she moved away she put a renter in charge and collected the rents. During this period of time no complaint seems to have been made by appellant regarding the abstract, the deed, the title or the description of the property. Even after the extension agreement was executed on June 10, 1955 no objections were made by appellant before the first foreclosure suit was filed. In fact the record does not disclose any demand by appellant upon appellee for the deed or the abstract, or any objection to the title or the description prior to April 11, 1956 when appellant's first answer and cross complaint were filed. Appellant cannot now complain about appellee's failure to present her with the abstract and deed. A similar question was presented in the case of *Sturgis* v. *Meadors,* 223 Ark. 359, 266 S. W. 2d 81, where the court said: "Appellant looked over the land and therefore knew what she was buying. Appellant stopped payment on the check before appellees had time to perfect their title and thereby rendered further efforts useless on appellees' part." Here appellant had stopped making payments and had entered into possession of the property.

In addition to the above appellant earnestly insists that the description contained in the contract is indefinite and that appellee has not shown that she is able to convey the land to her by a definite description. Most of the testimony and most of appellant's arguments revolve around this point. As above stated appellant has already waived her right to insist on the correction of mere irregularities in the description that can be cured. If appellant had any such objections and had made the same known to appellee, appellee would have been entitled to a reasonable time in which to make the corrections. The sentence following the above quote from the *Sturgis* case, reads: "Appellees were entitled to a reasonable time to perfect their title."

Appellant has not, in our opinion, shown that the description in question is so defective that it cannot be cured or made definite. It is true that the description standing alone is somewhat indefinite. For instance the north line runs "East to the West line of Spangler tract, . . ." and there is nothing in the description to show where the Spangler tract is located. There are other portions of the testimony however which, to our mind, make the location of the property certain and definite.

From appellant's pleadings we gather that she is disturbed because the description in the contract does not read the same as the description in the deed by which the land was conveyed to appellee. This discrepancy however is explained in this way. Appellee received title to a parcel of land in the shape of a parallelogram. The north and south sides of which were 154 feet in length and east and west sides were 326 feet. However in selling to appellant, appellee left out a strip of land 47 feet in width squarely off the south side of the above described parcel. There is nothing to indicate that appellant expected to get the latter strip of land and it is in no way involved in this suit. The description was clarified by the testimony of the County Surveyor who testified with reference to a survey which

he made on June 9, 1956 and by a plat which was attached to the record. The substance of his testimony was that the parcel of land in question is definitely described by beginning at the southeast corner of the northeast quarter of Section 16, Township 20 North, Range 26 West and run north 107 feet to the point of beginning, thence west 154 feet, thence north 189 feet, thence east 154 feet, thence south 189 feet to the place of beginning. He stated that he measured the south line and found it to be 154 feet and that the north line had to be the same length because the east and west lines were parallel. This constitutes a definite description of the land.

It would unduly extend this opinion and would serve no useful purpose to set forth the testimony in detail, much of which is more confusing than enlightening relative to the description of the parcel of land in question. The burden was on appellant to prove the title was not merchantable. See *Ray* v. *Robben,* 225 Ark. 824, 285 S. W. 2d 907. The chancellor found the issues in favor of appellee and we cannot say that such finding is against the weight of the testimony. He was able to see the witnesses and understand their references to the exhibits. In some instances here it is impossible for us to understand the testimony of the witness. For example when one witness was asked with reference to a certain point in connection with the description of the land, his reply was: A. "This point right here. (Witness indicates on map which reporter could not see.)" On another occasion we find this testimony: Q. "Do you know how much is that street out there, under that escrow agreement?" A. "This portion right here. (Witness indicates on map.)"

2. What we have already said makes it unnecessary to discuss the second ground relied on by appellant. Her own course of action previously set forth made it unnecessary for appellee to tender the deed.

3. We have carefully reviewed the record and do not find that the amount of the judgment is excessive. There is no merit in appellant's contention that she

should have been given credit for $219.38 for lumber which she had purchased and had used in the repair of a building situated on the land in question. Under the contract she had no right to repair the building and it was at her own risk that she attempted to do so. It is appellant's contention that she should not be charged with interest after December 12, 1955 because appellee had not furnished a deed and title as contracted for. It is obvious from what we have already said that this contention is untenable.

Affirmed.