## VENABLE VS. BROWN.

*Payment on contract within the statute of frauds.*

Where a party has paid money, or delivered property on a parol contract for the purchase of land, which is void by the statute of frauds, he cannot maintain an action for the money or property so paid or delivered, so long as the other party is able and willing to perform the contract.

APPEAL from *White* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Coody & McRae,* for appellant.

*B. D. Turner, contra.*

ENGLISH, CH. J..

Replevin for a mule, by Wm. P. Brown against E. M. Venable, tried before the Circuit Court of White County, on appeal from the judgment of a justice of the peace.

The court, sitting as a jury, found the following to be the facts proven :

"The plaintiff and defendant made a parol agreement, by which the plaintiff agreed to purchase, and defendant to sell to him, the tract of land on which plaintiff was residing, for the sum of $800, of which plaintiff was to pay $125 in a mule, (the one in controversy), and the contract was to be afterward completed by delivery of the mule, and execution of notes by plaintiff for balance ($675), and execution of the deed by defendant and wife

to plaintiff for the land, all to be done simultaneously. Afterwards defendant notified plaintiff to bring the mule and complete the contract by fixing up the papers.

"Plaintiff carried the mule to defendant's residence on the premises, expecting the contract to be completed by execution and delivery of the deed and notes, but there being no officer present to take the acknowledgment of the deed, it was agreed that the defendant and wife should acknowledge it on the following Monday (it then being Saturday), to which time the completion of the contract was postponed. The deed was written and signed by defendant and wife, and afterwards acknowledged at the day appointed, but was never delivered to plaintiff. The notes were never executed by the plaintiff. The plaintiff anticipating that the contract would be completed, left the mule (which had been put up at defendant's out of a shower of rain) at defendant's residence, not as a payment, but intending that it should become a payment on the completion of the contract.

"Afterwards the plaintiff becoming unwilling, (for what he thought sufficient reasons) to complete the contract, notified the defendant, and demanded possession of the mule. The defendant then tendered the deed and demanded the execution of the notes, and refused to deliver up the mule. Plaintiff then instituted this suit. The court finds the value of the mule to be $125. That before the institution of the suit, plaintiff offered to pay defendant the cost of keeping the mule, but defendant refused to accept it, and the use of the mule by defendant was worth his keeping.

"The court further finds, as law of the case, from the evidence, that the dealings between the parties were only negotiations for a contract, and did not amount to a contract, and that plaintiff is entitled to recover the mule, or its value, $125."

The defendant asked the court to find the facts, and declare the law as follows:

"*Facts*—That plaintiff and defendant entered into a verbal contract for the sale and purchase of a tract of land, and the plaintiff delivered to defendant a mule at $125 in part payment thereof. That after the delivery of the mule, the plaintiff refused to further execute the contract by giving his notes and receiving the deed for the land, which was tendered to him by the defendant, who was able and willing to perform his part of the contract."

"*Law*—The defendant having delivered the mule in part execution of the contract, it was, to that extent, an execution on the part of plaintiff, based upon a sufficient consideration, and the title to the mule, by the act of the plaintiff having passed to the defendant, his refusal to perform the remainder of the contract did not change or affect the sale and delivery of the mule, nor revest the plaintiff with title or right of possession thereto, so as to enable him to maintain this action for the recovery of the mule thus delivered and paid upon the contract, and the court finds for defendant with costs."

But the court refused to find the facts, and to declare the law as desired by the defendant.

Judgment was rendered for plaintiff, a motion for a new trial overruled, and defendant took a bill of exceptions and appealed to this court.

Had the court below found the facts to be as drawn up on behalf of appellant, the court might very well have declared the law of the case to be as proposed for appellant on such version of the facts.

For the current of authorities sustains the proposition, that where a person has paid money, or delivered property, upon a parol contract for the purchase of land, which is void by the

statute of frauds, he cannot maintain an action to recover back the money or property so paid, or delivered, so long as the other party, to whom the money has been paid, or property delivered, is willing to perform on his part, and has the ability to perform. Brown on the Statute of Frauds, sec. 122; *Collier* v. *Coates*, 17 Barbour, 472 (in which the earlier New York cases are reviewed); *Cobb* v. *Hall*, 29 Vermont (3 Williams), 510; *Coughlin* v. *Knowles*, 7 Metcalf (Mass.), 57; *Duncan* v. *Baird & Co.*, 8 Dana (Ky.), 102; *Lane* v. *Shackford*, 5 New Hamp., 130; *Sims* v. *Hutchins*, 8 Smedes & Marsh., 328; *Beaman* v. *Buck et al.*, 9 id., 207; *Rhodes, adm'r*, v. *Storr*, 7 Ala., 346; *Dougherty's adm'r* v. *Goggin*, 1 J. J. Marshall, 374; *Bedinger* v. *Whittamore*, 2 id., 252.

But the court refused to find the facts as drawn up for appellant.

The appellant swore that the mule was delivered to him in part payment, and in part execution of the contract for the sale of the land, and the appellee swore that it was not so delivered.

It was in the province of the court below, sitting as a jury, to weigh the conflicting evidence, and make up and announce its own conclusion of facts.

Judgment affirmed.