FERRELL *v.* WOOD.

Opinion delivered June 27, 1921.

VENDOR AND PURCHASER—BREACH OF CONTRACT TO CONVEY HOMESTEAD.—One is not liable in damages for breach of his contract to convey his homestead, where the wife refuses to join in the conveyance.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Mann & Mann,* for appellant.

Crawford & Moses' Digest, § 5542, does not apply to an executory contract for a future sale of a homestead, but only to formal instruments which pass some title to the homestead at the time of execution. Conveyances and mortgages are specifically set out, and the general

words, "or other instruments," calls for the application of the doctrine of "*ejusdem generis.*" It is an old and settled rule of statutory construction which confines the meaning of additional and general descriptive words to the class to which the preceding specific words belong. It can not be said that an executory contract is of the same class as instruments which by their very nature affect the title to the property described in them. Conveyances and mortgages are evidences of consummated and executed contracts which pass title, or least place liens on property, while contracts such as the one in question only contain promises to perform certain acts in the future and do not in any way affect the actual title to the property which is the subject of the contract. This court has accepted the doctrine of "*ejusdem generis*" in a number of cases, and it is the settled rule of law in this State. 95 Ark. 114; 74 *Id.* 510; 114 *Id.* 47. The rule is especially applicable to the statute in question, as the Legislature especially limited "other instruments" to those affecting the homestead.

Had the husband abandoned his homestead before the date set for the consummation of this contract and the deeding of the property, there can be no question but that the contract could be enforced. This he could do without his wife's concurrence, and she need not join in the conveyance of an abandoned homestead. 101 Ark. 101; 68 *Id.* 76; 104 *Id.* 313; 137 *Id.* 309. The evident intention of the statute quoted is to protect the wife in the homestead right, so that the title to the same could not be affected by any instrument executed by her husband in which she did not join. This purpose is not defeated by this suit, as a judgment obtained against the husband could not affect the homestead and would not be a lien on it.

At common law a husband could convey the homestead without the concurrence of the wife, and the fact that she did not join in the alienation of the homestead did not affect the validity of the sale. The statute does

not apply to executory contracts, and the old rule still holds good. 37 Ark. 298. Such a contract is not void and has been sustained by this court. 224 S. W. Rep. 484. The Alabama statute is similar to ours and the courts of that State hold that the statute only applies to instruments which are perfected by delivery and operate as conveyances. 66 Ala. 345; 158 Ala.; 132 Am. St. R. 25. See, also, 168 N. W. 1101; Stet.; 185 Mo. App. 45; 171 S. W. 983. Other courts follow the rule and require the husband to answer for damages for breach of contract. 234 Ill. 276; 84 N. E. Rep. 906; 28 Tex. 523; 94 S. W. 115. The case should be reversed.

*C. W. Norton,* for appellee.

A majority of courts hold contracts like this are void and the case is settled by 4 A. L. R. 1272.

HART, J. H. A. Ferrell made a contract in writing with Fletcher Wood to purchase the homestead of the latter. Wood's wife did not sign the contract. Upon the refusal of Wood to carry out the contract, Ferrell instituted this suit in the circuit court against him to recover damages.

The judgment of the circuit court was in favor of Wood, and Ferrell has appealed.

A majority of the court is of the opinion that the judgment of the circuit court was correct. This court has uniformly held that, under our statute, a deed or mortgage purporting to convey the homestead by a married man is void unless his wife joins in the execution of the conveyance. *Pipkin* v. *Williams,* 57 Ark. 242, and *Oliver* v. *Routh,* 123 Ark. 189, and cases cited.

This court has never decided the precise question raised by the appeal. The courts are divided on the question of whether an action for damages may be maintained against a husband for a breach of contract to convey his homestead where his wife did not sign the contract. The authorities on both sides of the question are cited and to some extent reviewed in a case note to 4 A. L. R. at page 1272. Courts favoring liability for a breach of such a contract say that it is not unlawful for

a person to contract to sell and convey something he does not own but expects to acquire, and that, if he unqualifiedly undertakes to do that which later he finds he can not perform, he must respond in damages. There is a difference between such a contract and a contract to convey the homestead.

In the first instance, if the contracting party should acquire the land which he had agreed to convey to another, he could carry out the contract, and therefore should respond in damages for a failure to do so. A contract by a husband to convey his homestead is a mere nullity unless the wife signs the contract. This court expressly held in the case of *Waters* v. *Hanley,* 120 Ark. 465, that the husband can not make a contract to convey the homestead which will be binding unless his wife signs it. The court pointed out that if such a contract would be obligatory upon the wife the statute prohibiting the sale of the homestead without the consent of the wife could be easily evaded and would be of no force.

Again, it is urged that to hold that the husband can not be made to respond in damages for the breach of a contract to convey his homestead unless signed by his wife would have the effect to embarrass him in the sale thereof. We can not see how the failure to make him respond in damages would embarrass him any more than to hold that his contract to convey the homestead is not valid unless his wife signs the same. If any embarrassment is caused in either event, it is caused by the passage of the statute, and not by placing a construction on it which its language clearly imports. If a man can not make a contract agreeing to convey his homestead that will be valid or binding without his wife's concurrence, it is difficult to see upon what reason he should be made liable to respond in damages for a breach thereof.

As said by Judge Carland in *Mundy* v. *Shellaberger,* 161 Fed. 503, the reason for holding that a contract to convey the homestead without the concurrence of the wife is null and void and can not be used as a basis for the recovery of damages, is clearly and forcibly stated

by Judge Mitchell in *Weitzner* v. *Thingstad,* 55 Minn. 244, 56 N. W. 817. We quote from his opinion as follows:

"But, notwithstanding some respectable authority to the contrary, it seems to us that to hold that a person is liable in damages for the nonperformance of a contract which he is under no legal obligation to perform would be illogical, and without analogy or precedent in the law. The very proposition involves a legal inconsistency. We think that on legal principles such a contract must be held void for all purposes, and not to constitute the basis of any action against the obligor. There are also strong practical considerations in favor of this view. While it is true, as counsel suggests, that to hold the husband liable for damages would not deprive him or his family of their homestead, yet to force him to the alternative of securing his wife's signature to the conveyance, or of being mulcted in damages for not doing so, and to place the wife in the dilemma of either having to sign the deed or see her husband thus mulcted in damages might, and naturally would, often indirectly defeat the very object of the statute. There is nothing unjust to the obligee in holding such a contract absolutely void for all purposes. He is bound to know the law, and he always has actual notice, or the means of obtaining actual notice, of the fact that the land with which he is about to deal is a homestead."

But it is insisted that this rule is contrary to the principles announced in *Branch* v. *Moore,* 84 Ark. 462. That was a case where a broker sued the owner of a homestead to recover commissions for effecting a sale thereof, and the court held that it was no defense to the action that the land constituted the defendant's homestead. Upon this branch of the case we quote from the opinion as follows:

"Appellant contends that the land constituted his homestead, and he could not lawfully authorize the appellee to sell it without his wife joining him in executing an instrument for that purpose, but this contention is not

tenable. Appellee is not seeking to enforce any contract to sell or convey the land, or any lien thereon. The land has been sold. No party is seeking to avoid the sale. Appellee is asking only for compensation for services rendered."

There the broker was suing for services he had performed in effecting a sale of the homestead, and his contract was collateral to the contract of the husband to convey the homestead without the concurrence of the wife. Here the breach of the contract of the husband to convey the homestead is made the basis of the suit. As above stated, if the contract is a complete nullity, it was void from its inception and can not be made the basis of the cause of action.

It follows that the judgment will be affirmed.

McCULLOCH, C. J., and SMITH, J., dissent.

McCULLOCH, C. J. (dissenting). The authorities on the question involved in this case are nearly equally divided, which leaves us free to follow our own views, uninfluenced by the precedents established by other courts. Two cases which may be selected as leading ones on this subject are *Weitzner* v. *Thingstad,* 55 Minn. 244, supporting the conclusion now reached by the majority of this court, and *White* v. *Bates,* 234 Ill. 276, announcing the contrary conclusion. I think the reasoning of the Illinois court is sound.

The statute (C. & M. Digest, § 5542) does not declare that an executory contract for the sale of a homestead is void. It merely declares that a "conveyance, mortgage or other instrument affecting the homestead of any married man" shall not be valid "unless his wife joins in the execution of such instrument and acknowledges the same." Such a contract does not involve moral turpitude in its performance, nor does it offend against any public declared policy, though the statute fixes a limitation on the husband's right to convey the homestead. He can do so only with the consent of the wife. A conveyance of the homestead without her consent is void, but, since the statute itself does not declare invalid

the husband's executory contract to sell the homestead, I fail to see the force of the contention that the contract is void because a conveyance in performance of a contract is invalid unless the wife joins in it. It would be different, of course, if the contract was one involving moral turpitude, for no rights can accrue under a contract to do an unlawful or immoral act. Such is not the effect of a contract to sell and convey the homestead. The obligor merely undertakes in such a contract to sell and convey certain property in a manner prescribed by law; and if he fails to comply, he should be held liable for all damages resulting from his breach of the contract. The effect is the same as if the contract were one to sell and convey property to which the obligor had no title at the time. Though beyond his power to perform the contract, he is liable in damages for its breach. The fact that such a contract would embarrass the wife and cause her unwillingly to join in the conveyance of the homestead, rather than to see her husband mulcted in damages, affords no sound reason for the court to declare the contract void, though it might appeal strongly to the Legislature on a proposal to enact such a law.

This court has heretofore decided that a contract to pay an agent's commission under a contract for sale of the homestead is valid. *Branch* v. *Moore*, 84 Ark. 469; *Chandler* v. *Gaines-Ferguson Realty Co.*, 145 Ark. 262.

The conclusion now announced by the majority is, I think, in conflict with those cases, for, if a contract for the sale of the homestead is void, then a contract for payment of a commission on such sale is likewise void. Both contracts should be controlled by the same principles.

I do not think it is important whether or not the wife joins in the contract to sell the homestead. She is not required to join in such a contract to make it valid. She must, in order to make such a contract effective, join in the execution of the conveyance and acknowledge the same.