STATEMENT BY THE COURT.
Appellee brought this suit for divorce against her husband, Dewey Poindexter, alleging three of the statutory grounds therefor — habitual drunkenness for the space of a year on the part of the husband; that he was guilty of cruel and barbarous treatment such as to endanger her life, and offered such indignities to her person as rendered her condition intolerable. She later filed an amendment to her complaint, alleging that she and her husband had acquired, by their united efforts, a small *Page 1066 
home in the town of Paris, on the south half of block 2, Ledgerwood Addition, worth about $1,500, in which her husband was living with his family now. That the house was purchased from Joe Watson, Sr., in 1921, under an ordinary written contract of sale, for the consideration of $950; that she and her husband immediately moved into the house and started paying it out in accordance with the contract, and that they continued to reside on the property as their homestead, and paid all the money due on the property in accordance with the contract. That it was fully paid out, but the same had not been conveyed to him in accordance with the terms of the contract; that, after such full payment, he borrowed some money from the defendant, American Bank Trust Company, upon his note, indorsed by Joe Watson, Jr., as security; that, in order to secure the indorser, he delivered to him the paid-up contract of purchase of the property, with the notes and receipts; that this was all done over the protest of plaintiff, who did not consent to or join in any such agreement or contract for the conveyance of the homestead. That she lived with her husband upon and occupied the premises as a homestead about four years from the time of its purchase until more than a year after all the purchase money had been paid, and her husband, the defendant, had become entitled to a deed therefor. That the assignment of the contract from Joe Watson, Sr., to Joe Watson, Jr., was made without her consent, and that the property was later wrongfully conveyed by Joe Watson, Jr., to the American Bank Trust Company in payment of the note executed by her husband for money borrowed from said bank, and for which the said Joe Watson, Jr., had become surety. It was alleged that these transactions were had without her consent or concurrence, that she did not join in any of them, and that the conveyance of her said homestead was absolutely void, and should not affect her homestead rights nor that of her husband. Asked that all these parties be made defendants; that the attempted assignment of the *Page 1067 
contract of purchase of the homestead by her husband to Joe Watson, Jr., and his conveyances of the property to the bank, be declared void, and the deed canceled; that the property be declared the homestead of her husband, Dewey Poindexter, subject to all her rights and equities and those of their minor child.
Joe Watson, Jr., filed a general demurrer, which was overruled, and he then filed an answer, denying the allegations of the complaint, and that the contract of sale was in his possession or that of the American Bank Trust Company, and alleged that he entered into a contract of sale of the property to Dewey Poindexter for $900; that the first two notes given for the purchase money were paid when due, but, before the last note was paid, early in 1924, Poindexter wanted to enlarge the dwelling, and borrowed from defendant and his partners, for whom he was working, $100 for that purpose. Later in the summer he wanted to go into the grocery business and to borrow $1,500 for that purpose. That he agreed with Dewey Poindexter and his wife, Ruby Poindexter, to enable them to borrow this money, to sign their notes to the bank as surety, and was paid the balance of the purchase money, "and contract was surrendered to Joe Watson, Jr., to be held until the said $1,500 note was paid by defendant, Dewey Poindexter, and his wife, Ruby Poindexter," when a deed was to be executed to the premises. That the note to the bank was never paid, and, after it had become due, and Poindexter and his wife had become insolvent, and made an assignment of the grocery business to their creditors, and when the bank demanded payment of him of their debt, for which he was surety, he had declared the contract of sale of the land forfeited, and had conveyed the land by warranty deed, in which his wife joined, to the bank in payment of the $1,500 Poindexter note, with interest.
Watson, Sr., denied the allegations of the complaint, the amended complaint, and disclaimed any interest in the property. *Page 1068 
The bank neither denied nor made admission as to the allegations of the purchase of the land by appellee's husband and the contract of sale thereof; admitted that it was composed of city lots, but denied that it was held and occupied by the appellee with her husband for more than one year after all payments were made under said contract and before the sale of same to the bank. Admitted the allegation that Dewey Poindexter, the appellee's husband, had borrowed the money from the bank, and procured the signature of Joe Watson, Jr., and Tom Watson as sureties, and that Dewey Poindexter had transferred the contract of sale and whatever title he had in the property to Joe Watson to secure him for his indorsement, and that Joe Watson had executed and delivered to the bank his warranty deed conveying the real estate in payment of his liability as indorser upon the note of Dewey Poindexter upon the loan made to him. That it had no knowledge or information about the conveyances or assignments of the contract of purchase of the lands between the Watsons and Poindexter. That it purchased same for the consideration of the note and interest due it from Dewey Poindexter, upon which Joe Watson, Jr., was surety; that it was a fair consideration, and accepted without any attempt to defraud. Prayed, in case the deed was canceled, that the bank be restored to its rights under the note for the money loaned, delivered in payment for the real estate, and for judgment against Dewey Poindexter, Joe Watson, Jr., and Tom Watson for the amount of same with interest.
The testimony was sufficient to support the allegations of the complaint for divorce, and also showed that appellee's husband, Dewey Poindexter, had purchased the land in controversy under a written contract of sale, and that he and his wife immediately moved on the premises and continued to occupy same as a homestead. That, more than a year after all payments under the contract of purchase had been duly made and Dewey Poindexter was entitled to a conveyance of the property, *Page 1069 
he made a new arrangement, without the consent of his wife or her joining in any way in the transaction, and turned over the contract of purchase to Joe Watson, Jr., to secure him against his indorsement of Poindexter's note to the bank for $1,500 to enable him to go into the grocery business. All the parties knew that Dewey Poindexter and his wife, appellee, had established their homestead on the property immediately upon its purchase under the contract of sale; that it was occupied as such homestead by them long after all the purchase money under the contract had been paid, and it continued to be occupied as their homestead to the time of the rendition of the decrees herein.
There was no testimony tending to show that the wife consented to the assignment or transfer of the contract of purchase of the land after it had been paid for, and certainly none tending to show that she joined in any such assignment or conveyance.
The court rendered a judgment for the divorce on the first hearing and postponed the consideration on the homestead question until later, when it held the assignment to Watson and the conveyance of the lands to the bank void, and canceled the conveyance to the bank as a cloud upon the title of Dewey Poindexter, and ordered Joe Watson, Jr., to execute and deliver a warranty deed to the homestead of appellee and her husband, Dewey Poindexter, to Dewey Poindexter within 10 days specified for performing the condition of the contract; and that appellee with her child is entitled to the possession and control of the homestead, describing it, during the minority of the child, Hilda Louise Poindexter, and so long thereafter as appellee remained a widow. The complaint was dismissed as to Joe Watson, Sr., and from the decrees Joe Watson, Jr., prosecutes this appeal.
It is insisted for reversal that the court erred in overruling the demurrer to the complaint. Appellant urges the objection, however, against the complaint *Page 1070 
for things not alleged therein, rather than because of the insufficient allegations thereof. If the vendor of the land by the written contract could not and did not make a valid contract for their conveyance, that fact did not appear in the allegations of the complaint, and certainly could not be taken advantage of on demurrer, which admitted all the properly pleaded allegations with all intendments and inferences arising therefrom.
The undisputed testimony shows that Dewey Poindexter, with his wife, Ruby Poindexter, appellee, established their homestead upon the land purchased under the contract of sale, immediately, and continually resided thereon until long after the full purchase price therefor was paid and Poindexter was entitled to his deed of conveyance. It is no longer questioned that an equitable estate will support the homestead right and form a sufficient basis under the law for the claim of homestead. Spaulding v. Haley, 101 Ark. 296, 142 S.W. 172; Kirby v. Vantreece, 26 Ark. 376.
It is also true that a married man cannot make a valid conveyance of the homestead if his wife fails to join in the execution of the deed, and that he cannot even make a contract to convey the homestead which would be obligatory upon the wife or of any validity, without her joining in the execution of such instrument. Section 5542, C. M. Digest; Waters v. Hanley, 120 Ark. 465,179 S.W. 817; 13 R.C.L. 84, page 625.
No error was committed by the court in canceling the deed of conveyance of this homestead from Watson to the bank, nor in directing its conveyance to Dewey Poindexter under the terms of the contract of purchase which had been performed by him, and it was also competent for the court to award the homestead to appellee, the innocent party, along with the custody of the dependent child during the minority of such child, and so long thereafter as appellee remains a widow. Woodall v. Woodall,144 Ark. 159, 221 S.W. 463.
We find no error in the record, and the decree is in all things affirmed. *Page 1071