BOWDEN v. WILSON.

4-8822                                           218 S. W. 2d 374

Opinion delivered March 21, 1949.

*Eugene Coffelt*, for appellant.

*Vol T. Lindsey*, for appellee.

ROBINS, J. Appellees sought in the court below specific performance of a contract to convey a five-acre

farm. From decree awarding the relief prayed comes this appeal.

Appellees owned a dwellinghouse in Bentonville, and appellants were living on the farm, which had been originally conveyed to appellant, G. R. Bowden. As a result of negotiations conducted by Hesse, a real estate agent, appellee, S. M. Wilson and appellant, G. R. Bowden, entered into a written contract to exchange their respective properties and Wilson was to pay Bowden in addition the sum of $1,250. On May 12, 1948, these parties, with their wives, executed and acknowledged deeds in conformity with the agreement, but the deeds were never delivered, and remained in the custody of the Notary Public (secretary in the office of appellees' attorney) at the time the suit was filed.

These defenses against appellees' action were urged: That the property of appellants constituted their homestead and the contract to convey it was not enforceable because appellant, Jennie A. Bowden, did not join in execution thereof; that the land belonged solely to Mrs. Bowden, it having previously been conveyed to her; and that there had been a material misrepresentation as to the quantity of the land to be conveyed by appellees.

The undisputed evidence showed that, whether the five-acre tract was owned by appellant, G. R. Bowden, or his wife, it was their homestead. Since appellant, Jennie A. Bowden, did not sign the contract of sale, this contract was under the provisions of § 50-415, Ark. Stats. (1947), void and unenforceable for any purpose. *Waters* v. *Hanley,* 120 Ark. 465, 179 S. W. 817; *Ferrell* v. *Wood,* 149 Ark. 376, 232 S. W. 577, 16 A. L. R. 1033; *Watson* v. *Poindexter,* 176 Ark. 1065, 5 S. W. 2d 299; *Ramey* v. *Pyles,* 182 Ark. 320, 31 S. W. 2d 533.

Nor can the deed executed by appellants and left with the Notary Public be held to be such a contract to sell the land as would entitle appellees to specific performance thereof, because delivery of same to appellees had never been made or authorized by appellants. All the testimony indicates that the deeds were merely left with the Notary Public for safekeeping and until such

time as the interested parties should meet and consummate the trade, which was never done.

We held in the early case of *Johnson* v. *Craig,* 21 Ark. 533, and also in the recent case of *Harris* v. *Dacus,* 209 Ark. 1031, 193 S. W. 2d 1006, that a written contract to convey real estate, duly signed by the vendor, but not delivered to the vendee, will not support an action by the vendee for specific performance.

So here the appellees had no valid written contract for the conveyance of the land by appellants.

The lower court, therefore, erred in decreeing specific performance and the decree appealed from is accordingly reversed with directions to dismiss the complaint for want of equity.