Eileen BLACKMON *v.* Joe and Deborah BERRY

CA 96-267                                939 S.W.2d 863

Court of Appeals of Arkansas
Division I
Opinion delivered March 26, 1997

*Chaney W. Taylor, Jr.*, for appellant.

*Blackman Law Firm*, by: *Phillip Crego*, for appellees.

JUDITH ROGERS, Judge. This is an appeal from a judgment in favor of appellees, Joe and Deborah Berry, in the principal amount of $4,000, representing the return of a downpayment paid by the appellees for the purchase of land from appellant, Eileen Blackmon. In the judgment, the trial court also dismissed appellant's counterclaim for breach of contract.

For reversal, appellant contends that the trial court erred in allowing appellees to recover the downpayment and that the trial court erred in dismissing her counterclaim. Appellant further contends that the trial court erred in awarding prejudgment interest. We find merit in the first issue raised and reverse. Our reversal on this point renders the argument concerning prejudgment interest moot. However, we cannot disagree with the trial court's

dismissal of appellant's counterclaim and affirm that portion of the trial court's decision.

The record reflects that in July of 1991 appellant and her late husband, Ernest, agreed to sell appellees property located in Stone County for which appellees paid $4,000 as a partial downpayment. The only writing evidencing this agreement was a receipt prepared by appellant, which stated:

> Received of Joseph and Debbie Berry, the sum of $4,000 as a partial downpayment on 10 acres of property at Wolf Bayou, Stone County, Arkansas. As agreed, payment of $225 per month interest on the balance due will be paid until contract is renegotiated, which is to be within 60 days, or October 1st, 1991.
>
> /s/ Ernest Blackmon
> /s/ Eileen Blackmon

In March of 1993, appellees filed a complaint seeking the return of the downpayment. In it, appellees alleged that the parties did not complete a renegotiation of the contract, that appellant had sold the property to a third party, and that appellant had refused to refund the downpayment. In her answers to the complaint, appellant contended that appellees were not entitled to recover the downpayment. She alleged that appellees had failed to make the agreed-upon payments despite repeated demands for them to do so, that she had stood ready, willing and able to perform the contract and that she had sold the property when appellees had failed and refused to comply with the contract. As her counterclaim, appellant alleged that she had been damaged as a result of appellees' default for having been forced to sell the property at a loss.

The case was tried to the court. Upon the evidence presented, the trial court ruled that the receipt for the downpayment did not satisfy the requirements of the statute of frauds because it was not signed by the appellees and did not set out the terms of the sale. Based on this finding, the court concluded that the parties had not entered into a binding agreement and thus denied appellant's counterclaim and ordered the return of the downpayment, with interest.

As her first point on appeal, appellant contends that the trial court erred by permitting appellees to recover the downpayment. With that argument, we must agree. Long ago, the supreme court declared the law to be that a person who has paid money upon a parol contract for the purchase of land, which does not meet the requirements of the statute of frauds, cannot maintain an action to recover the money paid so long as the other party is willing to perform and has the ability to perform. *Venable v. Brown*, 31 Ark. 564 (1876). This rule has been given expression in the subsequent cases of *Betnar v. Rose*, 259 Ark. 820, 536 S.W.2d 719 (1976); *Sturgis v. Meadors*, 223 Ark. 359, 266 S.W.2d 81 (1954); *Baker v. Taylor & Co.*, 218 Ark. 538, 237 S.W.2d 471 (1951). Under these circumstances, the vendor is the party for whose protection the statute of frauds is designed, and a breaching vendee is not permitted to take advantage of the statute to recover sums advanced upon the contract. *Sturgis v. Meadors, supra.* As was said by the court in *Baker v. Taylor & Co., supra*, it would be an alarming doctrine to hold that the plaintiffs might violate the contract and make their own infraction of the agreement the basis of an action for money had and received.

Appellees contend, however, that it cannot be said that appellant stood ready, willing and able to perform the contract since she had sold the property. We do not agree. The property was sold by appellant in April of 1992. Appellees' contention overlooks the testimony and phone records offered by appellant demonstrating her efforts to contact appellees prior to the sale. The argument also ignores appellee Deborah Berry's own testimony that she informed appellant in February of 1992 that they did not yet have the funds with which to purchase the property. Appellees had paid nothing save a portion of the downpayment and made no further inquiry about the property until June of that year. We cannot conclude that appellant did not stand ready, willing and able to go forward with the transaction. The trial court's ruling permitting the return of the money based on the statute of frauds is contrary to the law and must be reversed.

We find no merit, however, in appellant's contention that the trial court erred in dismissing her claim for breach of contract. The statute of frauds requires that a written memorandum

be signed by the party to be charged. Ark. Code Ann. § 4-59-101(a)(4) (Repl. 1993). The party to be charged is the one against whom the contract is sought to be enforced, in this instance the appellees. *Norton v. Hindsley*, 245 Ark. 966, 435 S.W.2d 788 (1969). Here, as there was no writing signed by appellees, the trial court did not err in holding that the contract was not enforceable against them.

Affirmed in part; reversed in part.

PITTMAN and CRABTREE, JJ., agree.