Cite as 2022 Ark. App. 137

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-19-661

| | |
|---|---|
| PATTY JACKSON, AS EXECUTRIX OF THE ESTATE OF TOMMY WILLIAMS; AND VELA WILLIAMS | Opinion Delivered March 30, 2022 |
| APPELLANTS | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 16LCV-17-53] |
| V. | |
| RONNIE CRUMP | |
| APPELLEE | HONORABLE DAN RITCHEY, JUDGE |
| | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

This case is a companion to *Jackson v. Crump*, 2022 Ark. App. 136, also handed down today. In both cases Vela and Tommy Williams (the Williamses) appeal the circuit court's orders granting specific performance of an option for the purchase of real property in favor of appellee Ronnie Crump (Crump).[1] The Williamses argue that both options violate the statute of frauds and are unenforceable. The Williamses also argues other different points in each case. We affirm.

---

[1]Tommy Williams died on June 2, 2020. Patty Jackson was duly appointed the executrix of Williams's estate by order of the Mississippi County Circuit Court on September 9, 2020. Jackson, as executrix, was substituted as an appellant by order of this court on November 4, 2020.

## I. *Background*

On May 29, 2007, in connection with their purchase of a seventy-two-acre tract of farmland from Lillian Crump, the Williamses granted an option to purchase to appellee Ronnie Crump. Lillian Crump is the mother of Ronnie Crump. The option, after identification of the parties and the legal description of the property, provided as follows:

> 1. This Option may be assigned to BRANDON CRUMP, but no other person.
>
> 2. Notification date is defined as not earlier than TEN YEARS after the date of the recording of a deed conveying the above described property from LILLIAN CRUMP to TOMMY AND VELA WILLIAMS, and not later than 30 days after that date. This Option is to be considered personal to CRUMP and his rights under this agreement may not be assigned to any party other than Brandon Crump.
>
> 3. Exercise of Option. If on or before midnight of notification date, CRUMP shall notify the WILLIAMS of CRUMP'S election to exercise the option hereby granted by ordinary mail, postmarked prior to the deadline indicated and addressed to WILLIAMS . . ., a contract shall thereupon result in which the WILLIAMS agrees to sell and CRUMP agrees to purchase the above-described property for Two hundred, fifty five thousand dollars ($255,000.). In the event that notice in accordance with the terms hereof of the election by CRUMP to exercise the option herein granted is not given within the time indicated, this option shall at once cease and terminate and CRUMP shall have no further rights hereunder.
>
> 4. Option Purchase Price. The purchase price of the above-described property shall be $255,000.
>
> 5. Title Documents. Upon the exercise of this option within the specified time by CRUMP, WILLIAMS shall provide to CRUMP as promptly as possible a commitment for title insurance, without exceptions other than for current taxes, for merchantable fee simple absolute title to the lands described above. If other exceptions are noted, WILLIAMS shall have a reasonable time within which to cure the same. In the event that the CRUMP does not assert any material defects in the title offered, or if the title is found to be acceptable to the parties, a closing date shall be set for a time mutually agreeable to the parties, but not later than ten (10) days following the expiration of the length of time necessary to cure said objectionable defects. In the event that the title is not found to be merchantable and the defects

therein are not cured by the WILLIAMS within a reasonable time, CRUMP shall have the right and option to cancel and terminate the then-existing contract for the purchase of the property and to be refunded the amount paid for the option, BUT SHALL ALSO BE ENTITLED TO SPECIFIC PERFORMANCE and/or consequential damages for failure of WILLIAMS to deliver merchantable title.

6. Closing. On the closing date, the WILLIAMS shall make, execute and deliver to CRUMP a Warranty Deed in proper form conveying a merchantable fee simple absolute title to the property under consideration subject only to liens for subsequent taxes. The purchase price shall be paid, in cash, at the closing by CRUMP TO WILLIAMS.

7. Taxes. All taxes will be paid by WILLIAMS at or prior to the closing date.

8. General. Time is of the essence of this agreement, and if the CRUMP shall not have exercised this option to purchase within the time and in the manner herein stated, all of the CRUMP'S rights hereunder shall at once cease and terminate.

9. Recordation of instrument. The parties agree that this option shall be placed of record at the Craighead County Circuit Clerk's and ex-officio recorder.

10. This option to purchase is subject to the rights of any lien holder of record at the time of exercise of the option. Williams shall not encumber the property with any lien in an amount that exceeds the option price.

11. This option to purchase shall be binding on the Grantors, Williams', their successors, heirs and assigns.

12. Special condition: This property is subject to a lease between Williams as the Landlord and Crump as the Tenant. The right to exercise this option is conditioned upon Crump fulfilling the terns of that lease attached hereto as exhibit A.

A "Cash Farm Lease" was executed contemporaneously by the parties allowing Crump to farm the seventy-two-acre tract for a ten-year period for an annual cash rent of $9,300 payable to the Williamses by December 31 of each crop year. The lease provided that

3

any failure by Crump to pay rent terminated the lease. The lease also provided that, in addition, the option becomes void.

The deed conveying the property from Lillian Crump to the Williamses was recorded on May 29, 2007.

On June 9, 2009, the Williamses and Crump entered into a second contract that terminated the lease.[2] The 2009 contract provided as follows:

> 4. That it is the desire of the [sic] Crump and Williams to terminate both of said leases at this time.
>
> 5. That it is in the best interest of both parties to terminate said leases at this time and the parties do hereby agree to terminate said leases at this time. All provisions of said leases are hereby null and void and shall not be enforced by Crump or Williams.
>
> 6. That as consideration for terminating said leases, Williams agrees to pay and Crump agrees to accept the amount of Ten Thousand Dollars ($10,000.00).

Attached to the contract were copies of the leases being terminated. Crump discontinued paying the cash rent and farming the seventy-two-acre tract thereafter.

Lillian Crump died in December 2010.

Crump exercised the option by sending the Williamses letters from both himself and his attorney dated June 7, 2017. The Williamses refused to comply.

## II. *The Litigation*

Crump filed suit on December 22, 2017, seeking specific performance to compel the Williamses to convey the property to him. The Williamses answered, denying the material

---

[2]This contract also terminated the lease involved in the companion case.

allegations. They also asserted that the option was contingent upon Crump's performance of his obligations under the lease and that he had failed to perform. The Williamses also pled the statute of frauds as an affirmative defense. The lease was attached as an exhibit to the answer.

The two cases proceeded on parallel tracks. There were several disputes about the Williamses' cooperating and answering discovery, and Crump filed several motions to compel. During these earlier disputes, the circuit court awarded Crump $2,500 in attorney's fees as a sanction for discovery violations in both cases. Finally, in November 2018, the circuit court issued similar orders on the outstanding discovery disputes. The court found that the Williamses did not file timely responses to the discovery and had not acted in good faith in complying with earlier discovery orders. The court did not strike the Williamses' answer but said it would reconsider if there were further discovery violations. The court imposed other sanctions, including limiting the Williamses to using witnesses and documents already identified in the discovery responses.

On December 31, 2018, the Williamses moved for summary judgment arguing that Crump had not complied with the special condition precedent to his exercise of the option. The motion asserted that Crump had failed to fulfill the terms of the lease, including failing to pay rent, which terminated the lease. According to the Williamses, the termination of the lease also voided Crump's option to purchase. In a supporting brief, the Williamses claimed that Crump did not pay the cash rent for the 2008 crop year. They further claimed that the parties' termination of the lease also rendered the option void.

In his response to the Williamses' motion for summary judgment, Crump pointed out that the Williamses ignored the June 2009 contract terminating the lease. He also argued that it was generally a factual question whether a condition precedent has been met or excused.

On January 18, 2019, Crump moved for summary judgment, seeking specific performance. He asserted that the purchase price was $255,000; that he was ready, willing, and able to purchase the property; that the Williamses failed to convey the property after he had exercised the option; and that he was entitled to specific performance because of the Williamses' breach for failure to close. He also alleged that the contract terminating the leases provided that all of the provisions of the leases were null and void and unenforceable; that the contract did not mention the option; and that the option remained in full force and effect.

The Williamses responded to Crump's motion for summary judgment by arguing that the option was invalid and unenforceable because an option is merely a unilateral contract. They further argued that the option failed to satisfy the statute of frauds, and even if it did, it was unenforceable because it failed to include seven other terms they deemed essential. The Williamses also asserted that Crump's failure to comply with the option's special condition rendered the option unenforceable. The Williamses filed supporting affidavits stating that Crump had failed to pay rent for the 2008 crop year and admitting that they executed the 2009 contract terminating the leases.

On March 12, 2018, a hearing was held on Crump's motions for summary judgment in both cases and the Williamses' motion for summary judgment on the special condition. At the conclusion of the hearing, the court ruled from the bench and granted Crump partial summary judgment on the contract-validity issues in this case. The court also denied Williamses' motion for summary judgment. The court found that there was an issue of fact as to whether the special condition in the option was complied with, precluding specific performance at that time. The court's order memorializing its summary-judgment bench ruling was entered on March 20, 2019.

On April 30, 2019, the parties stipulated that Crump suffered damages in the amount of $20,000 for the 2018 crop year and would be entitled to damages in that amount if judgment were entered for Crump.

A bench trial on the special-condition issue was held on May 13, 2019. On May 29, the court entered its judgment finding that the June 9, 2009 contract was prepared at the request of the Williamses by their attorney, and it referenced neither the option nor any existing alleged breach of the lease by Crump, whether for nonpayment or any other violation. The court further found that the contract expressed a mutual interest to terminate the lease and stated that the lease was null and void. The court found that the Williamses' conduct regarding the contract to terminate the lease was inconsistent with the claim of nonpayment of rent. The court also found that Crump had received payments under the contract, but that the Williamses had also received a significant financial benefit from the contract because it terminated the long-term lease with a fixed annual rent payments that

7

had no provision for rent increases during the term of the lease. The court found that the Williamses never gave any notice of default regarding the lease and took no action with respect to any alleged default; nor did they take any action to terminate the lease because of any alleged nonpayment of rent; and they took no action to evict Crump until 2013. The court further found that Mr. Williams had been engaged in farming operations since he was a young man and was certainly familiar with a landlord's or tenant's rights under farm leases. The court also determined that by executing the contract, the Williamses expressly, knowingly, and willingly waived the condition precedent to the option; therefore, the condition precedent was excused. The court also awarded Crump damages in the stipulated amount of $20,000.[3] This appeal followed.

### III. *Issues on Appeal*

In this case, the Williamses makes some, but not all, of the arguments that were made in the companion case. Specifically, they argue that the circuit court erred in (1) finding that the option ripened into a bilateral contract when Crump exercised the option, (2) imposing additional terms for the closing that were neither reflected in the option nor within any other agreement between the parties; and (3) finding the statute of frauds did not apply and

---

[3]Crump timely filed a motion seeking attorney's fees and costs of approximately $55,000. The time records submitted contained entries for both this case and the companion case. The Williamses responded to the motion. However, there is no evidence the circuit court ruled on the motion. The Williamses do not raise any issues about attorney's fees. In *Harold Ives Trucking Co. v. Pro Transp.*, 341 Ark. 735, 19 S.W.3d 600 (2000), our supreme court held that an award of attorney's fees is a collateral matter that does not affect the appealability of the underlying order.

that the option was valid. The Williamses also argues that the court erred in finding that the special condition provision of the option had been waived.

IV. *Discussion*

The Williamses' first three points are, with one exception to be discussed below, identical to arguments they raised in the companion case. We affirm these points for the reasons given in the companion case, *Jackson v. Crump*, 2022 Ark. App. 136.

The one exception is that in this appeal, unlike the companion case, the Williamses argue that the lack of a specific closing date renders the option invalid under the statute of frauds. We disagree.

As quoted above, paragraphs 5 and 6 of the option set out the provisions on when the transaction will close. The option specifies that the time of performance is to be at closing. The closing date, in turn, depends on whether there are any defects in the title presented to Crump. Because Crump did not assert any material defects in the title, the closing date was to be set for a time mutually agreeable to the parties, but no later than ten days following the expiration of the length of time necessary to cure the objectionable defects. With no title defects to cure, closing was to have been no later than ten days following Crump's review of the title. This is consistent with our cases holding that when a contract does not provide a specific date for performance, the law implies that it must be within a reasonable time. *See, e.g.*, *Sturgis v. Meadors*, 223 Ark. 359, 266 S.W.2d 81 (1954); *Excelsior Mining Co. v. Willson*, 206 Ark. 1029, 178 S.W.2d 252 (1944); *Taylor v. George*, 92 Ark. App. 264, 272, 212 S.W.3d 17, 23 (2005).

That brings us to the Williamses' final point in which they argue that the circuit court's finding that the special-condition provision of the option had been waived is clearly against the preponderance of the evidence.

Waiver is the voluntary abandonment or surrender by a capable person of a right known by him to exist, with the intent that he shall forever be deprived of its benefits, and it may occur when one, with full knowledge of the material facts, does something that is inconsistent with the right or his intention to rely upon it. *Hogan v. Bank of Little Rock*, 2021 Ark. App. 72, 618 S.W.3d 194. Whether a waiver occurred is a question of intent, which is usually a question of fact. *Id.* Therefore, on the issue of waiver, we do not reverse the circuit court's finding of fact unless it is clearly erroneous or clearly against the preponderance of the evidence. *Id.* We cannot say that the circuit court clearly erred in finding that the option's special condition was waived.

Basically, the Williamses' argument ignores the 2009 contract and seeks to enforce the original terms of the lease and option despite the 2009 contract stating in clear language that "[a]ll provisions of said lease are hereby null and void and shall not be enforced." The option and the lease were executed at the same time—May 29, 2007. They were part of the same transaction, and each document specifically refers to the other document. Generally, instruments executed at the same time by the same parties for the same purpose and in the course of the same transaction are, in the eyes of the law, one instrument and will be read and construed together. *Freeman Holdings of Ark., LLC v. FNBC Bancorp, Inc.*, 2019 Ark. App. 165, 574 S.W.3d 181; *see also Byme, Inc. v. Ivy*, 367 Ark. 451, 241 S.W.3d 229 (2006); *Van*

10

*Dyke v. Glover*, 326 Ark. 736, 743, 934 S.W.2d 204, 208 (1996). Although the 2009 contract terminating the lease did not refer to the option, it nevertheless modified the option and eliminated the condition precedent of complying with the lease. Because the lease was terminated, the condition precedent was superfluous and could not be enforced.

The Williamses do not explain how the special condition of the option remains enforceable after the termination of the lease in 2009. It is an appellant's burden to demonstrate and explain reversible error. *See Fayetteville Express Pipeline, LLC v. Ark. Pub. Serv. Comm'n*, 2017 Ark. App. 557, 533 S.W.3d 106; *Tri-Eagle Enters. v. Regions Bank*, 2010 Ark. App. 64, 373 S.W.3d 399. Moreover, the Williamses are essentially asking this court to weigh the evidence differently than the circuit court. Arguments asking that we reweigh the evidence are not reversible-error arguments. *Genz v. Cooksey*, 2021 Ark. App. 175.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Parker Hurst & Burnett PLC*, by: *Donald L. Parker II* and *Ronald S. Burnett, Jr.*, for appellants.

*Lyons & Cone, P.L.C.*, by: *Jim Lyons* and *David D. Tyler*, for appellee.